Pierson R. Hildreth, S.
This is an application by one of two executors for advice and directions as to value, manner, and time of sale of certain real property. The decree of this court dated December 28, 1959, and made upon the settlement of the account of the executors required the executors, in accordance with the findings and opinion of the Surrogate, to exercise their power of sale with respect to such real property to the end that an immediate sale thereof be effected. Since the date of such decree the corporate coexecutor, which has brought the instant application, has been diligent in seeking a purchaser of such property on satisfactory price and terms and has found one. The individual coexecutor, on the other hand has apparently refused, without any good and sufficient reason shown, to co-operate in carrying out the above-mentioned directive of the court. The facts before the court appear to indicate that the individual coexecutor, because of personal sentimental feeling's toward the property in question, will not actively co-operate with the corporate coexeeutor upon any sale thereof.
The individual coexecutor was personally served with a citation upon this application. He has made no objection to the sale now proposed and in fact has not appeared herein. The sole residuary legatee, the only other person interested in this application, desires the sale and has no objection to the proposed sale upon the terms submitted.
The court has jurisdiction to require fiduciaries to perform their duties and to remove them for failure to do so. Under the facts and circumstances herein, proceedings to compel the active co-operation of the individual coexecutor in carrying out *997 the above-mentioned directive of the court would serve no useful purpose and would merely cause delay and expense. On the other hand, it does not seetii to the court that the corporate executor should be further obstructed in its efforts to properly carry out the previous direction of the court and dispose of the property for the benefit of the estate. Accordingly the court directs that the letters testamentary issued to the individual coexecutor herein be and the same are revoked effective immediately.
The application of the corporate executor for authority and direction to sell the real property mentioned and described in the petition in accordance with the terms and for the consideration set forth in the conditional contract of sale submitted therewith is granted. As sole remaining executor, the corporate applicant is authorized and empowered to execute, acknowledge and deliver the deed of conveyance provided for in said contract without the necessity of any other person joining therein.